Stover *v.* Reading.

---

JACOB STOVER and others, administrators,

*v.*

PHILIP G. READING and others.

1. A bill filed by administrators must allege that their intestate is dead, and that letters of administration have been issued to them.

2. A mere allegation that a purchaser took title with notice of a suit to which neither he nor any one under whom he claims was a party, to set aside as fraudulent the cancellation of a mortgage on the prop

Stover *v.* Reading.

erty, is insufficient to charge him with the result of the suit, which was a decree setting aside the cancellation. The facts constituting the fraud must be set forth.

Bill to foreclose. On special demurrer.

*Mr. E. W. Evans* and *Mr. James Wilson,* for demurrants.

*Mr. J. N. Voorhees* and *Mr. John T. Bird, contra.*

The Chancellor.

The grounds of demurrer are, first : that the bill does not state the fact that the complainants' alleged intestate is dead, or that letters of administration of his estate have been issued to them ; and, secondly, that the statements of the bill are not sufficient to call for answer.

The first ground is, obviously, well taken.

To consider the other ground : The bill seeks to foreclose two mortgages on land owned by the defendant, Reading. It alleges that a statement to the effect that these mortgages were cancelled, which had been entered on the record of the mortgages, was fraudulently entered, and that proceedings in this court were duly instituted with a view to setting aside that cancellation as fraudulent, and to re-establish the mortgages, which resulted in a decree annulling the cancellation and re-establishing the mortgages ; and that Warman, under whom Reading claims as grantee, had, when he took his title, full knowledge of the fraud by which the entry of cancellation had been obtained, and of the pendency of those proceedings, and on taking his title demanded and obtained indemnity against the result of those proceedings. It states that, after taking title to the land, Warman mortgaged the property to Reading and others, and charges that the mortgagees knew at the time of taking these mortgages, of the pendency and object of the before-mentioned proceedings. It further states that Warman conveyed the property to Thomas B. Wigfall, who conveyed it to David McDaniel,

and avers that they had like notice in taking their respective conveyances. It states, also, that Reading filed his bill in this court to foreclose his mortgage, and at the sale under the proceedings in that suit became the purchaser of the property, and now holds it by that title. The defendants insist that the facts constituting the alleged fraud, with notice of which they are charged, should be set forth in the bill, and that the pleading is, therefore, defective.

The objection is well taken. Warman derived his title to the property under Mrs. Wood. She was not a party to the proceedings to set aside the cancellation. Neither was Warman nor Reading. They are none of them bound by them. *Wood* v. *Stover's adm'rs*, 1 *Stew.* 248 ; *Stover* v. *Wood*, 11 *C. E. Gr.* 56.

The fact that they all knew of the pendency of the suit and its object, will not make the adjudication in that action binding on Reading. A most important part of the relief sought by the complainants in this cause is the establishment of the complainants' mortgages, notwithstanding the cancellation, as against the defendants. It is not enough to aver that the cancellation was fraudulently effected. What the fraud consisted of should be stated.

The demurrer will be sustained.